POWELL ET AL., APPELLANTS, *v.* BETHESDA HOSPITAL, INC.; NATIONAL MEDICAL SERVICES, INC., APPELLEE.

(No. C-870629 — Decided
June 8, 1988.)

*John E. Rockel, Osborne, Hillman & Trusty* and *Frank Trusty II,* for appellants John J. and Harriet Powell.

*Aronoff, Rosen & Stockdale, Gregory Mohar* and *Stanley J. Aronoff,* for appellee.

*Per Curiam.* Plaintiff-appellant John Powell was employed as a truck driver by the McClean Trucking Company, whose corporate headquarters are in North Carolina. Powell lived in northern Kentucky and worked at the McClean terminal in southern Ohio. Under United States Department of Transportation regulations, Powell was required to submit to a physical examination every two years. In 1985, Powell's physical examination was conducted by defendant Bethesda Hospital and included the collection of a urine specimen by employees of Bethesda Hospital. The urine specimen was subsequently forwarded to defendant-appellee National Medical Services, Inc. ("NMS"), a Pennsylvania corporation, whose employees tested the urine specimen for evidence of drug usage by Powell. The specimen tested positive for the use of marijuana and NMS forwarded that information to McClean in North Carolina. McClean wrote to Powell in Kentucky and informed him that his employment was terminated.

Powell filed suit in Hamilton County, Ohio, against Bethesda Hospital and NMS, alleging that the defendants were negligent and careless in their handling and testing of the urine specimen. NMS filed a motion to dismiss for lack of personal jurisdiction, which the trial court granted. The trial court overruled Powell's motion to compel NMS to answer certain interrogatories.

In his first assignment of error, Powell asserts that the trial court erred in finding that it lacked personal jurisdiction over NMS. We disagree.

The United States Supreme Court has addressed the question of a state's *in personam* jurisdiction over a nonresident in a line of cases represented by *International Shoe Co.* v. *Washington* (1945), 326 U.S. 310, and *Hanson* v. *Denckla* (1958), 357 U.S. 235.

In *Wainscott* v. *St. Louis-San Francisco Ry. Co.* (1976), 47 Ohio St. 2d 133, 1 O.O. 3d 78, 351 N.E. 2d 466, the Ohio Supreme Court adopted the reasoning of *International Shoe* and held that subjecting a corporation to *in personam* jurisdiction, when the corporation does not have the requisite minimum contacts with the state, violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. In *Wainscott,* the court held in the third paragraph of the syllabus that:

"A foreign railroad corporation having no tracks in Ohio and maintaining two offices in this state for the purpose of soliciting freight traffic to be carried over the corporation's out-of-

state lines does not have the necessary minimum contacts with Ohio such as to make it fair for the corporation to defend a suit in this jurisdiction based on a cause of action arising from the corporation's business in Missouri and to satisfy the requirement of substantial justice under the due-process clause of the Fourteenth Amendment to the United States Constitution."

We have an analogous situation in this case. While NMS receives specimens from Ohio which it tests in its facilities in Pennsylvania, it does not actively solicit business in Ohio. Further, Powell has not demonstrated that NMS owns property in Ohio or has an office in Ohio, or that the kit that Bethesda Hospital used to take and ship Powell's urine specimen was acquired directly by Bethesda Hospital from NMS, even if we assume *arguendo* that fact might be significant. In short, NMS has done nothing to establish the minimum contacts with Ohio that would make NMS subject to the *in personam* jurisdiction of Ohio courts.

Powell also fails to meet the second requirement of the test in *Wainscott*. Not only must the party seeking to assert jurisdiction show that the out-of-state corporation has sufficient minimum contacts with Ohio, but the party must show a cause of action arising in Ohio. If NMS's testing of the specimen was performed negligently, that negligence occurred in Pennsylvania. The test results were sent to North Carolina, where McClean made the decision to terminate Powell, and the letter informing Powell of his termination was mailed to him in Kentucky. The facts that NMS participated as one of many parties in the preparation of the protocol for taking a urine specimen and that a specimen was subsequently taken in Ohio do not "satisfy the requirement of substantial justice."

We note that the tests applied here are also reflected in Ohio's "long arm" statutes and in Civ. R. 4.3(A), which require both minimum contacts with Ohio and the accrual of a cause of action in Ohio before an Ohio court may exercise *in personam* jurisdiction.

Powell's first assignment of error is not well-taken.

In his second assignment of error, Powell asserts that the trial court erred in failing to compel NMS to answer certain interrogatories. We find that this assignment is not well made. Whether NMS may be compelled to answer any interrogatories is contingent upon a determination that NMS was a party properly before the trial court. For reasons expressed in our discussion of Powell's first assignment of error, when the court determined that it lacked *in personam* jurisdiction over NMS, it was powerless to compel NMS to answer the interrogatories. In the time between the filing of the suit and the trial court's ruling on jurisdiction, Powell was free to pursue other forms of discovery to establish the jurisdiction of the trial court. Therefore, Powell was not left without any means to acquire the information that he desired.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

SHANNON, P.J., BLACK and KLUSMEIER, JJ., concur.